**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4463**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EBAN JOSEPH KEITH BEYAH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:17-cr-00038-JPB-JES-1)

Submitted: January 22, 2019                    Decided: January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant. Stephen L. Vogrin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eban Joseph Keith Beyah pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Beyah's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Beyah's 51-month sentence is reasonable.* We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* A sentence is presumptively reasonable if it is within or below the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). After properly calculating Beyah's Guidelines range, the district court considered the 18 U.S.C. § 3553(a) factors, opining that Beyah's criminal history was understated and concluding that it was "apparent" that Beyah has "no intention of following the social guidelines and laws." Accordingly, the

---

* Beyah's plea agreement contained a provision waiving his right to appeal. Because the Government has not sought to enforce the appellate waiver, we are not limited by the waiver provision in conducting our full review pursuant to *Anders*. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

court denied Beyah's motion for a downward variance and imposed a within-Guidelines sentence of 51 months. Beyah has not rebutted the presumption of reasonableness attached to his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Beyah's conviction and sentence. This court requires that counsel inform Beyah, in writing, of the right to petition the Supreme Court of the United States for further review. If Beyah requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Beyah.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*